IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JEFF EDWARD SLIDER,

        **Plaintiff,**

v.                                                                         Civil Action No. 2:08cv112
                                                                                  (Judge Maxwell)

**DR. FRIDLY, WARDEN OF POTOMAC
HIGHLANDS REGIONAL JAIL, DOCTOR AT
NORTHERN REGIONAL JAIL, WARDEN OF
NORTHERN REGIONAL JAIL, DR. MUST,
WARDEN OF DENMAR CORRECTIONAL CENTER,
BRIAN A. GHAPHERY AND STATE OF WEST VIRGINIA**

        **Defendants.**

## REPORT AND RECOMMENDATION

The *pro se* plaintiff initiated this case on November 12, 2008, by filing a civil rights complaint against the above-named defendants. On December 5, 2008, the plaintiff was granted permission to proceed as a pauper and assessed an initial partial filing fee of $4.86. On February 6, 2009, the Court reconsidered the plaintiff's initial partial filing fee and waived it. Accordingly, this case is before the undersigned for an initial review and report and recommendation pursuant to 28 U.S.C.§§ 1915(e) and 1915A and LR PL P 83.01, et seq.

### I. The Complaint

In the complaint, the plaintiff asserts that he has not been receiving adequate psychiatric or medical services during his incarceration. In support of this claim, the plaintiff asserts that the defendants failure to provide him appropriate medical care for his diabetes has resulted in severe nerve damage and severe pain and distress. Furthermore, the plaintiff asserts that prior to his incarceration, his family doctor had planned to perform a surgical procedure for an insulin pump and

another one for carpal tunnel syndrome. The plaintiff asserts that his carpal tunnel syndrome is so bad in his left hand that he is not able to bend his index finger.

As additional support for his claims, the plaintiff asserts that during his two years of incarceration, he was denied psychological and psychiatric counseling. Since his reincarceration seven months ago, the plaintiff has again been denied any psychological counseling and psychiatric medications, even though he has a history of hospitalization for his psychological problems.

Next, the plaintiff assert that he is being deprived of an eye doctor. Plaintiff has been told by staff at the Potomac Highlands Regional Jail that they do not have an eye doctor and will not take him to see one. The plaintiff asserts that he is blind in his left eye and his right eye is bad, due to his diabetes. The plaintiff asserts that if he would have the surgery for an insulin pump it would help stop some of the damage his diabetes is doing to his eyes. Morever, it would help preserve and prolong his life.

## II. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the amended complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim

2

under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

### III. Analysis

Although the plaintiff does not cite a jurisdictional basis for his claims, he does assert that his constitutional rights were violated. Therefore, because the mechanism for seeking the enforcement of a federal right against state actors in 42 U.S.C. § 1983, the Court has construed the plaintiff's claims as arising under § 1983. Title 42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Thus, in order to state a successful claim under § 1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of a right guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 457 U.S. 830, 838 (1982).

**A.** **Warden Potomac Highlands Regional Jail, Warden Northern Regional Jail, Warden**

---

[1] Id. at 327.

**Denmar Correctional Center**

Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir.2001)(internal citation omitted). Therefore, in order to establish liability under § 1983, the plaintiff must specify the acts taken by each defendant which violate his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988). Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). *Respondeat superior* cannot form the basis of a claim for a violation of a constitutional right in a Bivens case. Rizzo v. Good, 423 U.S. 362 (1976).

In this case, the plaintiff does not make any allegations against the Wardens of the named correctional facilities,[2] or assert that they were personally involved in any violation of the plaintiff's constitutional rights. Rather, it appears that the plaintiff merely names the Wardens in either their official or supervisory capacities. However, official capacity claims "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citation and quotations omitted). Therefore, suits against state officials in their official capacities should be treated as suits against the state. Id. at 166. In order

---

[2] Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, "[a] pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim *showing that the pleader is entitled to relief*, and (3) a demand for judgment for the relief the pleader seeks." (Emphasis added). "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming International, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).

for the governmental entity to be a proper party of interest, the entity's policy or custom must have played a part in the violation.  Id. (citing Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978)).  In this case, the plaintiff fails to assert that a policy or custom of the entity played a part in the alleged violation of his constitutional rights.

As to their supervisory capacities, as previously noted, there is no *respondeat superior* liability under § 1983.  See  Monell v. Department of Social Services, 436 U.S. 658 (1978); Vinnedge v. Gibbs, 550 F. 2d 926, 928 (4th Cir. 1997).  Instead, "liability will lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights."  Vinnedge, supra.  When a supervisor is not personally involved in the alleged wrongdoing, he may be liable under §1983 if a subordinate acts pursuant to an official policy or custom for which he is responsible.  Fisher v. Washington Metropolitan Area Transit Authority, 690 F. 2d 1113 (4th Cir. 1982). Similarly, a supervisor may be liable under § 1983 if the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,' and (3) there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff."  Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir.), cert. denied, 513 U.S. 813 (1994).[3]

---

[3] "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm or constitutional injury."  Shaw, 13 F.3d at 799.  "A plaintiff may establish deliberate indifference by demonstrating a supervisor's 'continued inaction in the face of documented widespread abuses.'"  Id.

In this instance, the plaintiff fails to make any allegations which reveal the presence of the required elements for supervisory liability. Consequently, the plaintiff fails to state a claim against any of the named Wardens and he cannot maintain an action against those defendants. Thus, the named Wardens should be dismissed as defendants in this action.[4]

**B.  Dr. Fridly, Dr. Must and Doctor at Northern Regional Jail**

To state a claim under the Eighth Amendment for ineffective medical assistance, the plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To succeed on an Eighth Amendment cruel and unusual punishment claim, a prisoner must prove: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991).

A serious medical condition is one that has been diagnosed by a physician as mandating treatment or that is so obvious that even a lay person would recognize the need for a doctor's attention. Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991). A medical condition is also serious if a delay in treatment causes a life-long handicap or permanent loss. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3rd Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

The subjective component of a cruel and unusual punishment claim is satisfied by showing that the prison official acted with deliberate indifference. Wilson, 501 U.S. at 303. A finding of

---

[4] To the extent the plaintiff asserts that any of the Wardens was deliberately indifferent to his serious medical needs by denying his administrative grievances, or by failing to respond to such grievances, that claim is also without merit as this is not the type of personal involvement required to state a claim. See Paige v. Kupec, 2003 WL 23274357 *1 (D.Md. March 31, 2003).

deliberate indifference requires more than a showing of negligence.  Farmer v. Brennan, 511 U.S. 825, 835 (1994).  A prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837.  A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the fact gave rise was insubstantial of nonexistent."  Id. at 844.

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment, [or lack thereof], must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."  Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).  A mere disagreement between the inmate and the prison's medical staff as to the inmate's diagnosis or course of treatment does not support a claim of cruel and unusual punishment unless exceptional circumstances exist.  Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).  A constitutional violation is established when "government officials show deliberate indifference to those medical needs which have been diagnosed as mandating treatment, conditions which obviously require medical attention, conditions which significantly affect an individual's daily life activities, or conditions which cause pain, discomfort or a threat to good health."  See Morales Feliciano v. Calderon Serra, 300 F.Supp.2d 321, 341 (D.P.R. 2004) (citing Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003)).

Upon due consideration of the claims alleged in the complaint, the undersigned is of the opinion that the plaintiff's claims against defendants Fridly, Must and Doctor at Northern Regional Jail should not be summarily dismissed at this time.  Instead, the undersigned believes that those defendants should be made to answer the complaint.

**C.   Defendant Brian Ghaphery and the State of West Virginia**

In the body of the complaint, the plaintiff makes no allegations as to defendant Ghaphery or the State of West Virginia. Instead, in the section of the complaint where the plaintiff lists each of the defendants and states how they violated his constitutional rights, the plaintiff asserts the following:

> Brian A. Ghaphery(,) assistant prosecuting attorney of Ohio County in Wheeling(,) WV. for the State of West Virginia. In a plea agreement that I entered into as the defendant(,) and the State of West Virginia, the plaintiff number 10. states in entering into this plea agreement defendant agrees that he is waiving his right to challenge the validity of the plea by direct appeal in <u>state</u> or <u>federal</u> court or to otherwise challenge the validity of the plea in any legal proceeding of any nature <u>in any court</u>(.) I feel by having this in the plea is depriving or denying me my rights to the courts.

Complaint at 5 (emphasis in original).

In essence then, the plaintiff attempts, in this ground, to challenge the validity of his plea agreement by arguing that it unconstitutionally denies him access to the courts. However, in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Supreme Court of the United States found:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . .

<u>Heck</u> at 487 (footnote omitted). One reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit. <u>Id.</u> at 484.

Here, the plaintiff clearly attempts to collaterally attack his criminal conviction through a

8

civil suit. Indeed, a decision favorable to the plaintiff as to the ground raised in the instant complaint, could necessarily imply the invalidity of his plea and conviction. However, the plaintiff has failed to show that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, the plaintiff has no chance of success on the merits of this claim and it is due to be dismissed.

### IV. Recommendation

For the reasons set forth herein, the undersigned recommends:

(1) the plaintiff's claims against defendants Warden of the Potomac Highlands Regional Jail, Warden of the Northern Regional Jail, Warden of the Denmar Correctional Center, Brian Ghaphery and the State of West Virginia be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915A and 1915(e) for the failure to state a claim for which relief may be granted; and

(2) the plaintiff's claims against defendants Dr. Fridly, Dr. Must and the Doctor of the Northern Regional Jail **PROCEED**, and those defendants be **SERVED** with a copy of a twenty (20) day summons and the complaint through the United States Marshal Service.

Within ten (10) days after being served with a copy of this Opinion/Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas

v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: February 27, 2009.

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE