**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**ELKINS**

**JEFF EDWARD SLIDER,**

    Plaintiff,

v.  **CIVIL ACTION NO. 2:08-CV-112**
    **(BAILEY)**

**DR. FRIDLY, WARDEN POTOMAC HIGHLANDS**
**REGIONAL JAIL, DR. JERRY HAHN, WARDEN**
**NORTHERN REGIONAL JAIL, DR. MUST, WARDEN**
**DENMAR CORRECTIONAL CENTER, BRIAN GRAPHERY**
**AND THE STATE OF WEST VIRGINIA,**

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

**I.**    **Introduction**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel. By Local Rule, this action was referred to Magistrate Judge Joel for submission of a proposed report and a recommendation ("R & R"). Magistrate Judge Joel filed his R & R on March 12, 2010 [Doc. 40]. In the R&R, the magistrate judge recommends this Court dismiss the Complaint for failure to exhaust administrative remedies.

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984).

Here, objections to Magistrate Judge Joel's R & R were due on May 6, 2010, per this Court's Order extending the time by which to file objections by one month. See Doc. 43. On May 7, 2010, the plaintiff filed objections to the R & R, which this Court will review *de novo*. The remaining portions will be reviewed for clear error.

## II.     Discussion

This Court has reviewed the plaintiff's Objections and finds nothing therein that addresses the legal conclusions contained in the magistrate's Report and Recommendation. Indeed, this Court finds it troubling that the plaintiff's motion's title is "Objections by the Plaintiff to the *Motion to Dismiss by Dr. Must*." (emphasis added). This filing appears to more adequately represent a *response* to Dr. Must's Motion to Dismiss[1]; however, this Court made clear to the plaintiff that any objections to the *magistrate judge's R&R* were due by May 6, 2010. See Doc. 43. Nevertheless, this Court will not prejudice this *pro se* plaintiff for his lack of legal sophistication. To the extent that the "objections" may be applicable, this Court has considered them.

The main legal conclusion in the R&R which mandates dismissal, is that the plaintiff failed to exhaust his administrative remedies. Under the Prison Litigation Reform Act

---

[1] This Court notes the time by which the plaintiff was instructed to respond to Dr. Must's Motion to Dismiss was set forth in its **Roseboro** Notice, which cautioned the plaintiff that the same was due within thirty (30) days of December 28, 2009, the date of that filing. See Doc. 37.

(PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. ***Booth v. Churner***, 532 U.S. 731, 741 (2001). A ***Bivens*** action, like an action under 42 U.S.C. § 1983, is subject to the exhaust of administrative remedies. ***Porter v. Nussle***, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes," and is required even when the relief sought is not available. ***Booth*** at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior* to filing a complaint in federal court. *See **Porter***, at 524 (citing ***Booth***, 532 U.S. at 741) (emphasis added).

Moreover, in ***Woodford v. Ngo***, 548 U.S. 81, 84-85 (2006), the United States Supreme Court found that the PLRA's exhaustion requirement serves three main purposes: (1) to "eliminate unwarranted federal court interference with the administration of prisons;" (2) to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case;" and (3) to "reduce the quantity and improve the quality of prisoner suits." Therefore, "the PLRA exhaustion requirement requires *full and proper* exhaustion." ***Woodford*** at 92-94 (emphasis added). Full and proper exhaustion includes meeting all the time and procedural requirements of the prison grievance system. ***Id***. at 101-102.

In ***Jones v. Bock***, 549 U.S. 199 (2007), the United States Supreme Court ruled, *inter alia*, that an inmate's failure to exhaust under the PLRA is an affirmative defense and an inmate is not required to specifically plead or demonstrate exhaustion in his complaint.

However, that decision does not abrogate the fact that an action under § 1983 is subject to exhaustion of administrative remedies as required by the PLRA. Nor does it abrogate well-established Fourth Circuit precedent which allows the Court to summarily dismiss a complaint in which the failure to exhaust is clearly evident. ***Anderson v. XYZ Correctional Health Services***, 407 F.3d 674 (4th Cir. 2005).

The Magistrate Judge's Report and Recommendation fully lays out the various grievance processes the plaintiff must first exhaust prior to bringing this suit. The plaintiff has done no more to explain his failure to meet these requirements other than to contend that they are futile. In fact, the plaintiff has admittedly failed to exhaust his administrative remedies with regard to the claims in the Complaint, but asserts that he was told that it would be futile. The United States Supreme Court has stated that it "will not read futility or other exceptions into statutory exhaustion requirements . . .." See ***Booth v. Churner***, 532 U.S. at 741, n. 6. Therefore, regardless of the reason – which the plaintiff has not once tried to provide – "[e]xhaustion . . . is mandatory." See ***Woodford***, 548 U.S. at 85. **III.**

## Conclusion

Accordingly, upon careful review of the above, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation **[Doc. 40]** should be, and the same is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. For the reasons stated above, the Objections **[Doc. 45]** are **OVERRULED**. As such, the defendants' motions to dismiss **[Docs. 30 & 35]** are hereby **GRANTED**, and the plaintiff's Complaint **[Doc. 1]** is **DISMISSED without prejudice** for failure to exhaust administrative remedies. Accordingly, this matter is **ORDERED STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to mail a copy to the *pro se* petitioner.

**DATED:** May 10, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE